ANDREW GRAY *v.* THE COMMERCIAL BANK OF NEW ORLEANS.

Where, in an action on sundry bank notes, they are described by their numbers and letters, and by the names of the President and Cashier who signed them, and are annexed to the petition though not made a part of it, the description will be sufficient.

Notes annexed to a petition cannot be withdrawn, without leaving copies, which will form part of the record.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Wharton*, for the plaintiff, cited *Weyman et al.* v. *Cater*, &c. 13 La. 492. *Denton* v. *The Commercial and Rail Road Bank of Vicksburg*, Ib. 486.

*Canon*, for the appellants.

BULLARD, J. This is an action upon sundry bank notes, issued by the defendants, and the plaintiff demands judgment for their

amount, and interest at ten per cent thereon, from and after the protest for non-payment, according to the charter of the bank. There was judgment accordingly, and the defendants have appealed.

The counsel for the appellants relies upon an exception which was overruled by the court below, to wit, that the petition is insufficient, in not setting forth the dates of the notes sued on, and in not being as full and certain as the law requires.

The original notes were annexed to, and filed with the petition. Although not made a part of the petition, they might be referred to, with a view of enabling the defendants to shape their defence, and the defendants are effectually protected against a second action on the same notes, inasmuch as they could not be withdrawn without leaving copies, which would form, together with the protests, a part of the record. The notes are further described by numbers and letters, and the names of the president and cashier are set forth in the petition.

The court, in our opinion, did not err in overruling the exception.

*Judgment affirmed.*